IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL ALLEN PORTER,**

        **Plaintiff,**

v.

                                                No: 13-0300-JTM-GLR

**(FNU) ROSS,**

        **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Michael Allen Porter (Plaintiff) filed a *pro se* civil rights complaint.[1] Plaintiff sought to proceed *in forma pauperis*, and the Court entered an order granting the motion.[2] The Court has under consideration Plaintiff's Motion for Court Appointed Counsel (ECF 18). Defendant Russell Ross has filed a Memorandum in Opposition to the motion (ECF 19). The matter is fully briefed and the Court is prepared to rule. For the reasons set forth below, the Court finds that the motion should be denied.

In general, there is no constitutional right to appointment of counsel in a civil case.[3] However, the Court may "in its discretion appoint counsel for indigent inmates."[4] Plaintiff has the

---

[1] *See* 42 U.S.C. § 1983.

[2] ECF 11.

[3] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[4] *Manseau v. Salt Lake County*, No. 13-CV-680-TS, 2013 WL 4777177, *1 (D. Utah Sept. 5, 2013) (citing 28 U.S.C.S. § 1915(e)(1) (2013); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

burden of showing that his claim has enough merit to justify the Court in appointing counsel.[5]

The Court looks at various factors when deciding whether to appoint counsel, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[6]

The Court finds that (1) Plaintiff has not affirmatively shown that he asserts meritorious claims or that he cannot adequately research and investigate the case, (2) the factual and legal issues do not appear to be complex, (3) his written submissions reflect an understanding of court rules and procedures, and (4) he has not shown lack of reasonable access to a law library and its materials.

The Court recognizes that its perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time.[7] Due to such variance, courts "often re-evaluate the need for appointed counsel at various stages of the proceedings."[8] While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[9] As aptly stated in *Ficken*:

> Other factors contribute to the tentative nature of orders denying appointment of counsel. Because district judges are reluctant to "squander[] [their] limited resources of attorneys willing to take pro bono appointments," they often postpone the appoint-

---

[5]*Id.* (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[6]*Id.* (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted); *accord McCarthy*, 753 F.2d at 838–39).

[7]*See Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (relying extensively on factors set out in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984)).

[8]*Id.*

[9]*Id.*

ment decision until after dispositive motions as a means of weeding out frivolous or unmeritorious cases. The timing of the appointment may also reflect the district court's assessment of the adequacy of the record for purposes of its own decision-making. A district court that initially denies a motion to appoint counsel because it feels comfortable resolving a motion to dismiss on the basis of a record produced by a *pro se* plaintiff may later appoint counsel to ensure the development of a record adequate for summary judgment or trial.[10]

Defendant Ross has filed a Motion to Dismiss in this case.[11] Plaintiff has filed a Memorandum in Opposition to the motion to dismiss.[12] The considerations discussed in *Ficken* are just as relevant today. Given the burgeoning federal court dockets, increased *pro se* filings, and a seemingly ever decreasing pool of pro bono attorneys, the timing of a request for appointment of counsel arguably takes on more importance. In most cases the courts simply lack sufficient information about the merits of the claims and/or an inability of the plaintiff to present the case without counsel. And because the movant has the burden to affirmatively show that asserted claims are meritorious, motions for appointment filed early in a case may not succeed. But by denying such motions without prejudice to a similar motion at a later stage of the litigation, the courts do not preclude appointment should it become apparent that counsel should be appointed.

For these reasons, the Court denies the motion for appointment of counsel. At this point in the litigation, the factors weigh against requesting an attorney to represent Plaintiff.

For the foregoing reasons, the Court denies the Motion for Court Appointed Counsel (ECF 18). The denial of the motion for appointment is without prejudice to Plaintiff filing a similar motion, if he survives summary dismissal. If the case proceeds to trial, furthermore, the Court may

---

[10]*Id.*

[11]Doc. 20.

[12]Doc. 22.

on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of January, 2014.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge