IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL ALLEN PORTER,

        Plaintiff,

v.                                                                            Case No. 13-3003 JTM

(FNU) ROSS,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Michael Allen Porter filed his complaint on January 8, 2013, alleging violations of his constitutional rights. On December 30, 2013, defendant Ross filed a Motion to Dismiss (Dkt. 20), which has been fully briefed and is currently before the court.

**I. Background**

Porter's complaint alleges the following facts. On or about December 17, 2012, Porter was being released from his cell in the Jackson County Jail before his transfer to the county courthouse for a hearing. Defendant Ross, a corrections officer at the jail, was assigned to secure Porter for his transfer. Ross placed Porter in handcuffs and belly chains before taking him to the booking area.

Once they arrived, Ross asked Porter to lift his leg so Ross could place leg shackles on him. After raising his leg, Porter told Ross he had a painful cut on his leg and lowered his leg back down. Ross tried to force Porter's leg up once again, but Porter brought it down again because he was losing his balance. Porter told Ross he would not

need to force Porter's leg into the air, but Ross grabbed Porter's clothes in an attempt to turn him around. As a result, the two fell into another corrections officer, identified as "Greggs."

Greggs told Ross to quit struggling. Once again, Ross unsuccessfully attempted to force Porter's cut leg into the air, and Porter repeated that it hurt his leg because of a cut he had sustained. Greggs said to Porter, "I'm going to lay you on your stomach on the floor." Porter did not resist as he was laid face-down on the ground. After Porter was on the ground, Ross used a Taser to apply an electric current to Porter's back for five to ten seconds, leaving burn marks on Porter's skin. Porter filed a formal grievance with the Jackson County Sheriff's Office, after which Ross lost the privilege of carrying a Taser.

Porter also alleges that after this incident, jail officials denied him medical treatment for his burns and punished him further with five days of lockdown and restricting him from calling home.

Porter filed suit against Jackson County Jail and Ross, alleging violations of his constitutional rights pursuant to § 1983. He seeks $1,500,000 for pain and mental anguish, as well as the termination of defendant Ross from his employment at the jail. The court dismissed the Jackson County Jail as a party not capable of being sued. *See* Dkt. 11.

**II. Motion to Dismiss**

　　*A. Legal Standard*

　　Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

　　"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

　　The court must construe pro se pleadings liberally, but "it need accept as true plaintiff's well-pleaded contentions, not his conclusory allegations." *Loggins v. Cline*, 568 F. Supp. 2d 1265, 1268 (D. Kan. 2008). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and the court should not "construct arguments or theories for the plaintiff" or "supply additional factual

allegations to round out a plaintiff's complaint." *Shelby v. Mercy Regional Hospital*, 2009 WL 1067309, at *2 (D. Kan. April 21, 2009). Moreover, pro se litigants are subject to and must follow procedural rules governing all litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 2002). Even a pro se plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bafford v. Pokorski*, 2008 WL 2783132, at *3 (D. Kan. July 17, 2008).

*B. Analysis*

At the outset, the court dismisses counts two and three of Porter's complaint. Jackson County Jail has been dismissed from the case; Ross is the only remaining defendant. Porter's complaint does not allege Ross's involvement in either the decision to deny Porter medical treatment or the decision to place him in lockdown and deny his use of the phone. As a result, counts two and three of the complaint fail to state a claim against Ross and must be dismissed.

Count one of Porter's complaint alleges Ross used excessive force in violation of Porter's constitutional rights. The Eighth Amendment's ban on cruel and unusual punishment applies to excessive force claims brought by convicted criminals serving their sentences. *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986). Simply because an officer uses force on an inmate does not automatically give rise to an Eighth Amendment claim. Officers are permitted to use reasonable force to maintain or restore discipline. *Hudson v. McMilllian*, 503 U.S. 1, 7 (1992). To state an Eighth Amendment excessive force claim, a prisoner must show that force was applied not "in a good faith effort to maintain or restore discipline," but rather that the force complained of was

4

administered "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6 (citing *Whitley*, 475 U.S. at 320–21).

Based on the facts pleaded in his complaint, Porter states a claim for a breach of his constitutional right against excessive force. According to the complaint, Porter was having a hard time raising his leg high enough for Ross to place the shackles on him because of physical pain and balance issues. Ross was aware of Porter's physical ailment because Porter told him about it. Porter alleges that Ross tased Porter after he was already face-down on the ground, where he presented no threat. Under the facts alleged, Ross was not maintaining or restoring discipline, as Porter had not acted unruly in any way. Rather, the complaint alleges that Ross tased him unnecessarily, taking out his frustration on Porter for Porter's unwillingness to cause himself pain by lifting his leg. Porter does not describe Ross's actions as being carried out "maliciously and sadistically." *See Hudson*, 503 U.S. at 6. However, construing Porter's pro se allegations liberally, the court finds these terms of art clearly implied in the complaint.

Further, Porter claims that Ross lost his Taser as a result of Porter's filing an internal formal grievance concerning the incident, establishing or purposes of this motion that Ross was disciplined for his use of the Taser, lending additional plausibility to Porter's claim of excessive force. Porter alleges sufficient facts to state a § 1983 claim, and he is entitled to present evidence to support count one of his complaint. *See Bean*, 2010 WL 420057 at *2.

**III. Qualified Immunity**

*A. Legal Standard*

Ross argues that qualified immunity shields him from Porter's allegations. Qualified immunity exists "to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (internal quotation marks and citations omitted). Government officials enjoy the protections of the qualified immunity doctrine from liability for damages if their actions do not violate a clearly established statutory or constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

When a defendant raises the defense of qualified immunity in a motion to dismiss, the court conducts a two-part inquiry. First, the court must determine whether the plaintiff sufficiently alleges a violation of federal law. *Currier v. Doran,* 242 F.3d 905, 917 (10th Cir. 2001) (internal citations omitted). If the plaintiff's complaint adequately alleges such a violation, the court then examines whether "the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Id.* at 923 (citing *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).

*B. Analysis*

Here, the court has already determined that Porter's complaint sufficiently states a claim for violation of his constitutional rights pursuant to § 1983. Therefore, the court turns to the issue of whether Porter's rights were sufficiently clear that Ross should

6

have understood that his conduct violated them. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation." *Id.* For a right to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). There need not be identical fact patterns in the case law for a defendant to be on notice of clearly established law. *See Buck v. City of Albuquerque,* 549 F.3d 1269, 1290 (10th Cir. 2008) (stating "The law is clearly established either if courts have previously ruled that materially similar conduct was unconstitutional, or if a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue.") (internal quotation marks and alteration marks omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Jackson v. Austin*, 241 F. Supp. 2d 1313, 1321 (D. Kan. 2003) (citing *Saucier v. Katz,* 533 U.S. 194, 194–95 (2001)).

The court finds that Ross is not entitled to qualified immunity under the facts alleged by Porter. At the time of the incident, it was clearly established that prison officials cannot inflict injury where they act maliciously and sadistically for the very purpose of causing harm and not in a good faith effort to maintain and restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The use of a Taser does not

7

distinguish this case in any meaningful way under the facts alleged here. Reasonable prison officials in Ross's position would or should have understood that they were violating Porter's constitutional rights by maliciously and sadistically attacking him in the manner alleged. *See Saucier,* 533 U.S. at 202.

**IV. Conclusion**

This case is at an early stage in the litigation. The court emphasizes that its ruling is dictated by the standards employed at this stage, which require assessing only the facts alleged by Porter. Under these standards, the court dismisses counts two and three for failure to state a claim. However, the court denies Ross's motion to dismiss count one of the complaint, finding Porter has pleaded sufficient facts to allege excessive force by Ross. Additionally, based on the facts alleged by Porter, Ross is not entitled to qualified immunity at this stage.

IT IS THEREFORE ORDERED this 28th day of January, 2014, that Ross's Motion to Dismiss (Dkt. 20) is granted in part and denied in part to the extent set forth above.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE